



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>Plaintiffs,<br><br>vs.<br><br>AMC Entertainment, Inc., et al.<br><br>Defendants. | CV 99-01034 FMC (SHx)<br><br>**ORDER GRANTING MOTION OF STK ARCHITECTURE, INC. FOR SUMMARY JUDGMENT; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DISMISSAL** |

This matter is before the Court on the parties' respective requests that the Court select the appropriate vehicle by which to remove defendant STK Architecture, Inc., (STK) from this lawsuit. It is undisputed that under the recent decision of the Ninth Circuit Court of Appeals, *Lonberg v. Sanborn Theaters, Inc.,*[1] defendant STK has no liability to plaintiff. The disagreement centers on whether plaintiff should be permitted to dismiss STK from the action without prejudice, or whether STK is entitled to summary judgment.

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7.11. Accordingly, the

_____

[1] 259 F.3d 1029, (9th Cir. 2001), *amended on other grounds*, __ F.3d __, No. 99-56221, 2001 WL 1135432 (Sept. 27, 2001).

215

1   hearing set for November 13, 2001, is removed from the Court's calendar.

2   ## I. Background

3   In January 1999, the United States filed a complaint against AMC

4   Entertainment, Inc. and American Multi-Cinema, Inc. (AMC), alleging

5   violations of Title III of the Americans with Disabilities Act, in connection with

6   the design, construction, and operation of a number of stadium-style movie

7   theaters in California and elsewhere.  In January 2000, the Complaint was

8   amended to add STK, the architects who allegedly designed and constructed

9   some of the theaters, as a defendant.

10   In August 2001, the Ninth Circuit issued the *Lonberg* decision.  In that

11   case, two disabled plaintiffs had brought suit, claiming that the Market Place

12   Cinema was constructed in violation of the Americans with Disability Act.

13   STK was named as a defendant in that suit.  The Court of Appeals affirmed

14   the District Court's grant of summary judgment in favor of STK, holding that

15   "only an owner, lessee, lessor, or operator of a noncompliant public

16   accommodation can be liable under Title III of the ADA for the 'design and

17   construct' discrimination described in §12183(a)."  *Lonberg*, 259 F.3d

18   at 1036.

19   On receipt of the *Lonberg* decision, attorneys for plaintiff and STK in

20   this case began negotiations concerning dismissal.  Negotiations ultimately

21   broke down over when and whether STK should be dismissed with prejudice.

22   STK filed a motion for summary judgment,[2] and plaintiff filed a motion for

23   dismissal without prejudice.

24

25   [2] Plaintiff contends that defendant's motion should be denied because of its failure
26   to comply with Local Rule 7.4.1.  The Court finds that the many conversations between
     counsel prior to the filing of the Motion were sufficient to satisfy the meet-and-confer
27   requirements of the Rule.  The parties' communications also demonstrate that further
     notice of the precise nature of defendant's intended motion would not have increased the
28   likelihood of an informal resolution of the parties' dispute.

## II. Defendant's Motion for Summary Judgment

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. Rule Civ. Pro. 56(c); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Whether a fact is material is determined by looking to the governing substantive law; if the fact may affect the outcome, it is material. *Id.* at 248, 106 S.Ct. 2505.

If the moving party meets its initial burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Mere disagreement or the bald assertion that a genuine issue of material fact exists does not preclude the use of summary judgment. *Harper v. Wallingford*, 877 F.2d 728 (9th Cir. 1989).

The Court construes all evidence and reasonable inferences drawn therefrom in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Brookside Assocs. v. Rifkin*, 49 F.3d 490, 492-93 (9th Cir.1995).

It is clear from the Statement of Uncontroverted Facts that defendant STK is not an owner, lessee, lessor, or operator of any of the theaters which are the subject of this lawsuit. Its posture in this case is identical to that in *Lonberg, supra.* Therefore, the holding of *Lonberg* is binding on this Court and mandates summary judgment in favor of defendant. Petitions for rehearing and for rehearing on banc have been denied. Plaintiff points out

3

that the time within which a petition for certiorari to the United States Supreme Court might be filed has not expired.  The availability of a petition for writ of certiorari does not affect the finality or controlling nature of the decision.  Even if such a petition were filed, the decision of the Circuit court would remain viable and binding, absent the issuance of a stay.  Fed. R. App. P. 41(d)(2)(B).

The Court **hereby grants** the motion of defendant STK for summary judgment.

### III. Plaintiff's Motion for Dismissal

The Court having granted defendant's Summary Judgment motion, Plaintiff's motion for dismissal of the action against STK without prejudice is **hereby denied as moot**.

Dated:  November 6, 2001

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

4