Priority ___
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

CIVIL MINUTES--GENERAL

Case No. CV 99-01034-FMC (SHx)           Date: April 1, 2002

Title   U.S.A. v. AMC Entertainment, Inc.

===

DOCKET ENTRY

===

PRESENT:

Hon. STEPHEN J. HILLMAN, MAGISTRATE JUDGE

| SANDRA BUTLER | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

N/A                                          N/A

PROCEEDINGS: (IN CHAMBERS)

Plaintiff's Motion for Protective Order from AMC's Deposition Notice re: Inspection of AMC's Theaters, and for Sanctions, has been taken under submission without oral argument. The court has carefully considered the Joint Stipulation, plaintiff's Supplemental Memorandum, the declarations of Ms. Jacobs, and the Joint Appendix.

The Motion is granted in its entirety, including reasonable monetary sanctions of $2,279 against defense counsel personally for his failure to meet and confer on this Motion. Sanctions shall be paid to the United States within 30 days.



ENTERED ON ICMS

- 2 2002

262

Minute Order
April 1, 2002
Page 2
---------------

Pursuant to F.R.Civ. P. 26 (c) (1), AMC is prohibited from seeking any testimony or documents from Department of Justice officials or their representatives which relate to the United States' court-ordered inspections of AMC's theaters. The documents and testimony sought by AMC are either privileged or otherwise protected from disclosure at this juncture in the litigation, for the reasons set forth in plaintiff's portion of the Joint Stipulation, as well as the reasons in plaintiff's Supplemental Memorandum.

The only remaining issue for the court to decide is whether the United States is entitled to monetary sanctions regarding defense counsel's alleged failure to meet and confer regarding the "Second Motion" for Protective Order. The "Second Motion", filed March 5, 2002, is now moot since AMC subsequently withdrew its Rule 30(b)(6) Notices. However, plaintiff still seeks monetary sanctions in connection with that Motion.

However, the court believes that the remaining monetary sanctions issue may not be fairly resolved without an evidentiary hearing, at which time the court would hear testimony from Ms. Jacobs and Mr. Hurley, and a credibility finding would be made as to whether Mr. Hurley actually met and conferred with Ms. Jacobs.

Therefore, the court orders counsel to attempt to resolve the remaining monetary sanctions issue between themselves. If, after conferring, plaintiff still desires to pursue its sanctions request, then counsel should jointly arrange for a hearing date with the clerk. Any evidentiary hearing may be scheduled for a day when Ms. Jacobs and Mr. Hurley will both be in Los Angeles on other business. If the sanctions motion is resolved between counsel, Ms. Jacobs should so notify the clerk.

cc: **Judge Cooper**
**Judge Hillman**
**Parties of Record**